**KOLLER LAW LLC**
David M. Koller, Esq. (PA 90119)
Jordan D. Santo, Esq. (PA 320573)                                   *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MAIMUNAH CARTER,** | : | **Civil Action No. 25-3355** |
| 1502 Llanwellyn Avenue | : | |
| Folcroft, PA 19032 | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **SOUTHEAST DELCO SCHOOL** | : | |
| **DISTRICT d/b/a DELCROFT SCHOOL,** | : | |
| 799 School Lane | : | |
| Folcroft, PA 19032 | : | |
| | : | |
| 1560 Delmar Drive | : | |
| Folcroft, PA 19032 | : | |
| Defendant. | : | |

**CIVIL ACTION**

Plaintiff, Maimunah Carter (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Southeast Delco School District d/b/a Delcroft School (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Southeast Delco School District d/b/a Delcroft School is a school district with a location at 799 School Lane, Folcroft, PA 19032 and with corporate headquarters located at 1560 Delmar Drive, Folcroft, PA 19032.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendants is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII and PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race and religious discrimination as well as retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2025-01188 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated April 1, 2025. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is a Black, Muslim female.

21. On November 8, 2023, Defendant hired Plaintiff in the position of Teacher's Aide.

22. Plaintiff was well qualified for her position and performed well.

23. Importantly, Plaintiff covers her hair as a practice of her religious beliefs.

24. Upon being hired by Defendant, Defendant failed to provide Plaintiff with any job description, orientation or training.

25. Defendant assigned Plaintiff to work in the classroom of Ashley Chamberlain (Caucasian, non-Muslim), Teacher.

26. Plaintiff worked directly alongside Chamberlain on a daily basis.

27. Shortly after starting at Defendant, Ms. Shanyc (first name unknown), Personal Care Assistant ("PCA"), warned Plaintiff that Chamberlain has attempted to have every prior Black Muslim employee fired or removed from her classroom.

28. From the start, it became clear that Chamberlain did not want Plaintiff in her classroom as a result of Plaintiff's race and religion.

29. Chamberlain refused to let Plaintiff take breaks.

30. Chamberlain also ridiculed Plaintiff for going to the bathroom.

31. On one occasion, Plaintiff overheard Chamberlain state to another PCA that her goal was to "get all of the Muslims out of the room," or words to that effect.

32. From in or around December 2023 on, Chamberlain continuously filed false complaints against Plaintiff about her performance to Stephanie Woolley, Director of Human Services.

33. As a result of these complaints, nearly once per week, Woolley told Plaintiff not to report to work for her next school day shift as Plaintiff was "under investigation."

34. Still, each time this happened, Woolley told Plaintiff to return following the investigation as the complaints were unfounded.

35. In or around January 2024, Shawn McDougall (Caucasian, non-Muslim), Principal, informed Plaintiff that she was being placed on a Performance Improvement Plan ("PIP") as a result of Chamberlain's continuous complaints.

36. McDougall stated that if Plaintiff had an issue with this, she could complain to Woolley.

37. During Black History Month, in February 2024, Chamberlain referred to African American people as "the black people" during her lessons to the class.

38. Shanyc asked Chamberlain to say African American instead, but Chamberlain brushed off the request.

39. Also in or around early February 2024, Plaintiff helped a student in the classroom when Chamberlain stepped out of the room.

40. When Chamberlain returned, she began to scream at Plaintiff that she was not allowed to help the students.

41. On or about February 6, 2024, Plaintiff filed a complaint with Woolley against Chamberlain.

42. Plaintiff complained that Chamberlain's conduct was discriminatory on the basis of Plaintiff's race and religion.

43. Plaintiff requested to be transferred to a different classroom or a different school within the district.

44. Woolley refused to address Plaintiff's complaint and transfer request.

45. The next day, Chamberlain filed another complaint against Plaintiff to Woolley.

46. Instead of investigating Plaintiff's complaint, Woolley immediately placed Plaintiff on a suspension.

47. Woolley investigated Chamberlain's complaints, but not Plaintiff's complaint of discrimination.

48. Plaintiff missed at least two (2) days as a result of the investigation.

49. On or about February 9, 2024, McDougall called Plaintiff into a meeting.

50. Plaintiff brought her father.

51. Woolley and Chamberlain were also present during this meeting.

52. Woolley stated that Chamberlain had filed even more complaints against Plaintiff.

53. Without further discussion, Woolley abruptly terminated Plaintiff's employment.

54. Woolley did not provide a reason for this termination decision or conduct full impartial investigations.

55. Defendant discriminated against Plaintiff due to her race and religion in violation of Title VII and the PHRA.

56. Defendant retaliated against Plaintiff due to her complaints of race and religion discrimination in violation of Title VII and the PHRA.

57. Defendant's Conduct was willful or with reckless disregard to Plaintiff's Federal Statutory Rights.

## COUNT I – RACE DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

58. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

59. Plaintiff is a member of protected classes in that she is Black.

60. Plaintiff was qualified to perform the job for which she was hired.

61. Plaintiff suffered adverse job actions, including, but not limited to termination.

62. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

63. Circumstances exist related to the above-cited adverse employment actions that give rise to an inference of discrimination.

64. Defendant discriminated against Plaintiff on the basis of race.

65. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

66. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

67. Defendant's Conduct was willful or with reckless disregard to Plaintiff's Federal Statutory Rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – RACE DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

68. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

69. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her race (Black).

70. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

    **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III - RELIGIOUS DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

71. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

72. Plaintiff is a member of a protected class in that she is Muslim.

73. Plaintiff was qualified to perform the job for which she was hired.

74. Plaintiff suffered adverse job actions, including, but not limited to termination.

75. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

76. Circumstances exist related to the above-cited adverse employment actions that give rise to an inference of discrimination.

77. Defendant discriminated against Plaintiff on the basis of religion.

78. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

79. The reasons cited by Defendant for the above cited adverse employment action that Plaintiff suffered are pretext for discrimination.

80. Defendant's Conduct was willful or with reckless disregard to Plaintiff's Federal Statutory Rights.

    **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV - RELIGIOUS DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

81. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

82. Plaintiff is a member of a protected class in that she is Muslim.

83. Plaintiff was qualified to perform the job for which she was hired.

84. Plaintiff suffered adverse job actions, including, but not limited to termination.

85. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

86. Circumstances exist related to the above-cited adverse employment actions that give rise to an inference of discrimination.

87. Defendant discriminated against Plaintiff on the basis of religion.

88. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

89. The reasons cited by Defendant for the above cited adverse employment action that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

90. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

91. Plaintiff engaged in activity protected by Title VII.

92. Plaintiff complained about race and/or religious discrimination to Defendant.

93. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

94. There exists a causal connection between Plaintiff's participation on the protected activity and the adverse employment action.

95. Defendant's Conduct was willful or with reckless disregard to Plaintiff's Federal Statutory Rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VI – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

96. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

97. Plaintiff engaged in activity protected by the PHRA.

98. Plaintiff complained about race and/or religious discrimination to Defendant.

99. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

100. There exists a causal connection between Plaintiff's participation on the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Maimunah Carter, requests that the Court grant her the following relief against Defendant:

    (a)    Compensatory damages;

(b)  Punitive damages;

(c)  Emotional pain and suffering;

(d)  Reasonable attorneys' fees;

(e)  Recoverable costs;

(f)  Pre and post judgment interest;

(g)  An allowance to compensate for negative tax consequences;

(h)  A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the Title VII and the PHRA.

(i)  Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j)  Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k)  Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

                                                **RESPECTFULLY SUBMITTED,**

                                                **KOLLER LAW, LLC**

Date: June 30, 2025          **By:**   ***/s/David M. Koller***
                                                        David M. Koller, Esquire (PA 90119)
                                                          Jordan D. Santo, Esquire (PA 320573)
                                                          2043 Locust Street, Suite 1B
                                                          Philadelphia, PA 19103
                                                          215-545-8917
                                                          davidk@kollerlawfirm.com
                                                          jordans@kollerlawfirm.com

                                                          *Counsel for Plaintiff*