**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MAIMUNAH CARTER, | : | |
| | : | No. 25-cv-3355-JMY |
| vs. | : | |
| | : | |
| SOUTHEAST DELCO SCHOOL | : | |
| DISTRICT d/b/a DELCROFT SCHOOL. | : | |

**MEMORANDUM**

**Younge, J.**                                                                    March 20, 2026

Currently before the Court is a Partial Motion to Dismiss the Complaint filed by

Defendant, Southeast Delco School District.  (Motion to Dismiss, ECF No. 9.)  The Court finds

Defendant's Motion appropriate for resolution without oral argument.  Fed. R. Civ. P. 78; L.R.

7.1(f).  For the reasons set forth in this Memorandum, Defendant's Motion will be denied.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY:**

This employment discrimination lawsuit was filed by Plaintiff who was employed by

Defendant as a classroom aide (Complaint ¶¶25, 26 and 27, ECF 1.)  The Plaintiff alleges that

she was assigned to work daily in a classroom alongside Ahley Chamberlain (hereinafter

"teacher").  (*Id.*)  Plaintiff further avers that she heard from a personal care assistant at the

Delcroft School District that the teacher had attempted to have "every Black Muslim employee"

who worked in her classroom fired or removed from their positions.  (*Id.*)  The Plaintiff contends

that from December 2023 forward, the teacher filed false complaints about her with Stephanie

Woolley, the Director of Human Resources ("HR Director"), that due to the teacher's complaints

the Plaintiff was directed not to report to work nearly one time per week for a period, and that the

HR Director told her the complaints were unfounded.  (*Id.*, ¶¶32-34.)

The Plaintiff asserts that in January 2024, due to the teacher's complaints about her, she

was placed on a Performance Improvement Plan ("PIP").  (*Id.* ¶35.)  The Plaintiff avers that on

or about February 2024 there was a collection of incidents in which the teacher used racist language around the Plaintiff, screamed at the Plaintiff, and did not permit the Plaintiff to help students. (*Id.* ¶¶37-40.)

The Plaintiff alleges that in February 2024, she complained to the HR Director about the teacher. Plaintiff further avers that in her complaint to the HR Director, the Plaintiff asserted that the teacher was engaging in discriminatory conduct towards the Plaintiff because of Plaintiff's race and religion. (*Id.* ¶¶41-42.) The Plaintiff requested to be transferred to another classroom or another school within the Delcroft School District. (*Id.* ¶43.) According to the Plaintiff, the HR Director refused to address the Plaintiff's complaint and transfer request. (*Id.* ¶44.) The Plaintiff contends that the teacher filed more complaints about her with the HR Director and that on or about February 9, 2024, her employment with the Delcroft School District was terminated. (*Id.* ¶¶45-54.)

## II.    LEGAL STANDARD:

The standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face.'" *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

**III.    DISCUSSION:**

The Complaint filed by Plaintiff, Maimuna Carter, asserts claims based on legal theories of race discrimination, religious discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). Defendant has moved to dismiss claims based on legal theories of race discrimination and religious discrimination.  However, Plaintiff has plausibly pled sufficient facts to withstand Defendant's motion to dismiss.

To establish a viable employment discrimination claim under Title VII and/or the PHRA that is able to withstand a motion to dismiss, the plaintiff must allege facts sufficient to show that: (1) she is a member of a protected class; (2) she is qualified for the position or satisfactorily performed the duties required by his position; (3) she suffered an adverse employment action; and (4) either similarly-situated non-members of the protected class were treated more favorably, or the circumstances of the adverse employment action give rise to an inference of unlawful discrimination.  *Wallace v. Federated Dep't Stores, Inc.*, 214 F. App'x 142, 144-45 (3d Cir. 2007); *Groeber v. Friedman & Schuman, P.C.*, 555 F. App'x 133, 135 (3d Cir. 2014); *Lazard v. All Restore*, LLC, 2021 U.S. Dist. LEXIS 59200, *16-17 (E.D. Pa. 2021).

Plaintiff avers sufficient facts in the Complaint to satisfy the four-part test discussed hereinabove.  Plaintiff alleges her membership in a protected class (black and Muslim). (Complaint ¶20.)  Plaintiff also alleges that she is qualified for the position and that complaints about her job performance were unfounded.  (*Id.* ¶¶32-35, 60.)  Plaintiff further alleges that she suffered an adverse employment action in the form of termination.  (*Id.* ¶53.)  Finally, Plaintiff plausibly pleads facts which if true establish that the circumstances under which she was terminated give rise to an inference of unlawful discrimination.  (*Id.* ¶¶32-35, 41-42, 52-53.)

3

Plaintiff avers that Defendant knew that complaints about her job performance and work ethic were false but terminated her anyway because of Defendant's discriminatory bias against her racial ethnicity and religious background.  (*Id.*)

## IV.    CONCLUSION:

For the above reasons, Defendant's Motion to Dismiss is denied, and an appropriate Order shall follow.

**BY THE COURT**:

   /s/ John Milton Younge   
Judge John Milton Younge

4